### No. 9671.

### Tomkins *v.* Smith.

#### Decided November 8, 1920.

Action to enjoin the removal of fences. Judgment for plaintiff.

### *Affirmed.*

1. Contract—*Construction.* Where parties, being the lessees of adjoining lands, entered into an agreement for the construction of fences thereon, provisions of the contract for the specific location of fence lines must prevail over any general purpose stated therein.

2. *Presumptions.* It will be presumed that parties stipulating to build a certain amount of fencing, must have intended that the fences were to stand for a reasonable time.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. John G. Schweigert, for plaintiff in error.

Mr. James T. Locke, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE parties to this litigation in May, 1917, entered into a contract in writing in order to settle a controversy concerning certain pasture lands, said parties being the lessees of adjoining lands, with no natural dividing line between them. This contract provided for the making of fences, on specified lines, so that, as the contract stated, each of the parties should be restored to the possession of the pasture held by him under lease. The fences were duly made, and about a year thereafter the plaintiff in error, having acquired possession of some adjoining lands, built some new fences, and removed a part of the fence built under the said contract, all of which the defendant in error contends was in violation of the contract, and to his damage. He, therefore, brought suit to enjoin the plaintiff in error from further removing any of the contract fences, and from building any new fences which interfered with the respective possessions as recognized by the contract. The court found for the plaintiff in the suit, and an injunction issued, as prayed in the complaint.

Plaintiff in error contends that the purpose of the contract was to restore each of the parties to the possession of the land leased by him, and that the fences as they stood before the changes made by plaintiff in error did not effectuate the purpose of the contract, inasmuch as it left some of each party's leased lands in the possession of the other. The trial court in its opinion pointed out that the controlling feature of the contract was the specific location of the fence lines to be constructed, and held that such provisions must prevail over any general purpose stated by the contract.

We are of the opinion that the trial court was right in thus holding. He held, further, that it must be presumed that the parties, stipulating each to build a certain amount of fence, must have intended that such fences would stand during the term of their leases. That appears to be a reasonable conclusion; at least it must be presumed that the fences were to stand for a reasonable time, and we think the trial court was right in thus construing the contract.

That being so, when the plaintiff in error attempted to change the fence lines as established by the contract, and as the fences were built, he violated the terms of his agreement with the defendant in error.

The injunction was, therefore, proper and the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE DENISON concur.